**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| **JANET L.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. CBD-19-2544** |
| | ) | |
| **ANDREW SAUL,** | ) | |
| | ) | |
| **Commissioner,** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

Janet L. ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Administrative Law Judge ("ALJ") denied Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA") and for Supplemental Security Income Benefits ("SSI") under Title XVI of the SSA. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), ECF No. 20, Plaintiff's Alternative Motion for Remand, ECF No. 20, ("Plaintiff's Alternative Motion"), and Defendant's Motion for Summary Judgment ("Defendant's Motion"), ECF No. 24. The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons presented below, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Defendant's Motion, **GRANTS** Plaintiff's Alternative Motion, and **REMANDS** the ALJ's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. A separate order will issue.

## I.      Procedural Background

On October 13, 2015, Plaintiff filed for DIB and SSI under Titles II and XVI of the SSA, alleging disability beginning September 14, 2008.  R. 15.  Plaintiff alleged disability due to lower back problems, arthritis in bilateral wrists, high blood pressure, dizziness, and anemia.[1]  R. 88, 97, 109, 121, 135, 151.

 Plaintiff's claims were initially denied on July 28, 2016, and upon reconsideration on April 24, 2017.  R. 15.  An administrative hearing was held on August 2, 2018.  *Id.*  On August 7, 2018, Plaintiff's claims for DIB and SSI were denied.  R. 12, 27–28.   Plaintiff sought review by the Appeals Council, which concluded on July 6, 2019, that there was no basis for granting the request for review.  R. 1.  Plaintiff subsequently filed an appeal with this Court.  ECF No. 1.

## II.     Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g) (2019). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law.  *Id.*  ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).  "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002).  Substantial evidence is

---

[1] The Court notes that Plaintiff alleged several other impairments.  However, the Court classifies the other impairments that Plaintiff noted as symptoms rather than impairments, as Plaintiff describes how she is affected daily.  Thus, the Court does not consider them proper impairments on appeal.  On remand, the ALJ should consider all of Plaintiff's alleged impairments.

"more than a mere scintilla." *Russell*, 440 F. App'x at 164. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d at 1456 (citations omitted). If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Title II and Title XVI if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a),

416.905(a) (2012). The Code of Federal Regulations outlines the five–step sequential evaluation

process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i)(2012). If he is doing such activity, he is not disabled. If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509/416.909] or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2012). If he does not have such impairment or combination of impairments, he is not disabled. If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2012). If he does have such impairment, he is disabled. If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (2012). If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) (2012). If he can perform other work, he is not disabled. If he cannot, he is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner

has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31,

35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can still do despite any

physical and mental limitations on a "regular and continuing basis." 20 C.F.R. §§ 404.1545(b)-

(c), 416.945(b)-(c). In making this assessment, the ALJ "must consider all of the claimant's

'physical and mental impairments, severe and otherwise, and determine, on a function-by-

function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d

307, 311 (4th Cir. 2019) (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. §§ 404.1545(a), 416.945 (a).  The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."  *See Thomas*, 916 F.3d at 311; SSR 96-8p, 1996 WL 374184 at *7 (S.S.A. July 2, 1996).  "Once the ALJ has completed the function-by-function analysis, the ALJ can make a finding as to the claimant's RFC."  *Thomas*, 916 F.3d at 311.  "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence."  *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).  "[R]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."  *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)).

### III.    Analysis

The ALJ evaluated Plaintiff's claim using the five–step sequential evaluation process.  R. 18–27.  At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 14, 2008.  R. 18.  At step two, under 20 C.F.R. § 404.1520(c) and § 416.920(c), the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease and obesity.  *Id.*  The ALJ stated that the listed impairments were severe because they "cause more than a minimal limitation in [Plaintiff's] ability to engage in basic work-related activities."  R. 19.  The ALJ noted that Plaintiff was diagnosed with other

physical impairments, such as plantar fascial fibromatosis, acquired hallux valgus, corns and calluses, a tear of the right of the shoulder anterior distal supraspinatus tendon and the posterior supraspinatus tendon, hypertension, right knee internal derangement, hypokalemia, iron deficiency, vitamin D deficiency, an upper respiratory infection, and status-post parathyroidectomy. R. 19. However, the ALJ stated that these impairments were mostly treated and/or resolved without significant residual impairment. *Id.* At step three, the ALJ determined Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." R. 21. Before turning to step four, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), except that:

> [Plaintiff] could lift and/or carry 20 pounds occasionally and 10 pounds frequently. [Plaintiff] could sit, stand, or walk for a total of 6 hours in an 8-hour workday. [Plaintiff] could push and/or pull, as much as she could lift and/or carry. [Plaintiff] could frequently climb ramps or stairs. [Plaintiff] could occasionally climb ladders, ropes, or scaffolds. [Plaintiff] has no limitation on balancing. [Plaintiff] could occasionally stoop, kneel, crouch, and crawl. [Plaintiff] is limited to occasional exposure to fumes, odors, gases, poor ventilation, and hazards such as moving mechanical parts and unprotected heights.

R. 22. At step four, the ALJ determined Plaintiff can perform her past relevant work as a transcriber. R. 26. The ALJ ultimately found that Plaintiff has not been under a disability, as defined in the SSA. R. 27.

On appeal, Plaintiff argues that the Court should reverse the ALJ's decision, or in the alternative remand this matter for a new administrative hearing, alleging that (1) the ALJ improperly found Plaintiff's mental impairments to be non-severe which impacted the remainder of the sequential evaluation, and (2) the ALJ failed to properly evaluate the treating physician opinion evidence from Dr. Crawford-Green and Dr. Tanenbaum, evidence which undermines the

RFC and renders it unsupported by substantial evidence.  Pl.'s Mem. in Supp. of Pl.'s Mot. 1, 2, 16–29, ECF No. 20–1.  Defendant argues that the ALJ properly evaluated Plaintiff's impairments, and the medical opinions.  Def.'s Mem. in Supp. of Def.'s Mot. 5–12, ECF No. 24–1.  For the reasons set forth below, the Court **REVERSES** the ALJ's decision in part and **REMANDS** the matter for further proceedings.

### A.  The ALJ Did Not Err By Finding Plaintiff's Mental Impairments Non-Severe.

Plaintiff argues that the ALJ erroneously found Plaintiff's mental impairments of major depressive disorder and generalized anxiety disorder to be non-severe.  Pl.'s Mem. in Supp. of Pl.'s Mot. 16.  As support, Plaintiff points to the treating physician opinion of Dr. Tanenbaum, which allegedly claims that Plaintiff has significant limitations due to her mental impairments. *Id.*  Defendant counters that Plaintiff is asking this Court to re-weigh evidence which is not permissible.  Def.'s Mem. in Supp. of Def.'s Mot. 5.  Defendant also argues that "the evidence cited by the ALJ was sufficient to support his conclusions that Plaintiff did not suffer from any severe mental impairments."  *Id.* at 8.  This Court agrees with Defendant.

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence.  *Grimes v. Berryhill*, No. CV TMD 17-1794, 2018 WL 4206936, at *4 (D. Md. Sept. 4, 2018) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).  "In other words, the issue before the Court is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law."  *Id.*

At step two of the sequential evaluation process, Plaintiff must demonstrate that she has an impairment or combination of impairments that is "severe."  20 C.F.R. § § 404.1520(a)(4)(ii),

(c), 416.920(a)(4)(ii), (c)(2012); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (stating that the claimant bears the burden of showing that he has a "severe" impairment); *see also Bowers v. Colvin*, 628 F. App'x 169, 171 (4th Cir. 2015) (stating that "the claimant bears the burden of production and proof to show that he suffers from a severe medically determinable impairment"). "An impairment or combination thereof is 'severe' if it significantly limits the claimant's ability to perform basic work activities."[2] *Re v. Berryhill*, Civ. A. No. ADC-16-3990, 2017 WL 6729291, at *4 (D. Md. Dec. 28, 2017) (citing 20 C.F.R. § 404.1520(a)(4)(ii), (c)); however, due to Plaintiff alleging disability under both Title II and Title XVI, 20 C.F.R. § 416.920(a)(4)(ii), (c)(2012) is also applicable.)

This step is not "satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs."  SSR 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985).

> [W]hen assessing the severity of whatever impairments an individual may have, the adjudicator must assess the impact of the combination of those impairments on the person's ability to function, rather than assess separately the contribution of each impairment to the restriction of his or her activity as if each impairment existed alone

*Id.*

When evaluating mental impairments, the Social Security Regulations (the "Regulations") require the ALJ to employ a special technique to rate a plaintiff's degree of limitation in each of the functional areas based on the extent to which a plaintiff's impairment "interferes with the [plaintiff's] ability to function independently, appropriately, effectively, and on a sustained basis."  20 C.F.R. § § 404.1520a(c)(2), 416.920a(c)(2).  The four functional areas

---

[2] Examples of "basic work activities" are "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgement, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting."  SSR 85-28, 1985 WL 56856, at *3.

include: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A)(2)(b), § 12.04(B).  A rating of "none" or "mild" calls for a finding that the impairments are not severe unless the evidence indicates "more than a minimal limitation" in the claimant's ability to do basic work activities.  20 C.F.R. § §404.1520a(d)(1), 416.920a(d)(l).  "A finding of 'no limitation' in one of the four areas means that the claimant is "able to function in this area independently, appropriately, effectively, and on a sustained basis."  *Jeanette R. v. Saul*, No. CV TMD 18-3288, 2019 WL 7293397, at *4 (D. Md. Dec. 30, 2019) (citing 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(F)(2)(a)).

Here, the ALJ found that Plaintiff's "medically determinable mental impairments of major depressive disorder (internal citations omitted) and generalized anxiety disorder (internal citations omitted), considered singly and in combination, d[id] not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and are therefore non-severe."  R. 19.  The ALJ used the "special technique" for evaluating mental impairments and provided sufficient analysis for why there was "no limitation" in each of the functional areas.  20 C.F.R. § § 404.1520a, 416.920a**.**

 In concluding that Plaintiff had no limitation in the first functional area of understanding, remembering, or applying information, the ALJ noted:

> [Plaintiff] reported that her impairments affect her memory and ability to complete tasks (internal citations omitted).  [Plaintiff] stated that she has difficulty following written instructions (internal citations omitted).  However, although [Plaintiff] reported that she needs reminders to take medicine, she does not need reminders to take care of personal needs or go places (internal citations omitted).  [Plaintiff] prepares her own meals (internal citations omitted).  [Plaintiff] shops in stores.  [Plaintiff] is able to manage her finances (internal citations omitted).  In February 2015, [Plaintiff's] memory was intact.  [Plaintiff's] intelligence was average (internal citations omitted).  Upon examination with Fred Webber, MD, Yves Edouard, MD, and Bruce Tanenbaum, MD from July 2016 to February 2018, [Plaintiff's] memory

was fair to good.  [Plaintiff's] thought process was linear, logical, and goal-directed.
[Plaintiffs] fund of knowledge was average (internal citations omitted).  In December
2017, David Forbes, CRNP similarly noted that [Plaintiff] was oriented.  [Plaintiff's]
memory was good.  [Plaintiff's] thought process was logical (internal citations
omitted).

R. 19.  In finding no limitation in the functional area of interacting with others, the ALJ

stated:

> [Plaintiff] reported that she has never lost a job due to difficulty getting along with
> others (internal citations omitted).  [Plaintiff] shops in stores.  [Plaintiff] takes public
> transportation (internal citations omitted).  [Plaintiff] spends time with others
> (internal citations omitted).  [Plaintiff] also testified that she lives with her daughter
> (internal citations omitted).  In November 2014, Karen Keller, MD noted that
> [Plaintiff's] speech was normal (internal citations omitted).  In February 2015,
> [Plaintiff] had a flat affect.  However, [Plaintiff] was cooperative and pleasant.
> [Plaintiff's] speech was articulate.  [Plaintiff's] stream of thought was coherent and
> goal-directed (internal citations omitted).  From July 2016 to February 2018, medical
> records document instances of a depressed and/or anxious mood.  However,
> [Plaintiff's] speech remained normal (internal citations omitted).  In December 2017,
> Mr. Forbes [CNRP at Family Behavioral Services] similarly noted that [Plaintiff's]
> articulation was normal.  [Plaintiff's'] language was age-appropriate (internal
> citations omitted).  From April 2016 to January 2018, Allanna D. Webb, CRNP and
> Georgia E. Bewayo, CRNP noted that [Plaintiff] was cooperative.  [Plaintiff] had a
> normal mood and affect (internal citations omitted).

R. 19–20.  As for the third functional area, concentrating, persisting, or maintaining pace,

the ALJ also found that Plaintiff had no limitation.  The ALJ noted that:

> [Plaintiff] reported that her impairments affect her ability to complete tasks and
> concentrate (internal citations omitted).  [Plaintiff] stated that she has difficulty
> following written instructions (internal citations omitted).  However, [Plaintiff]
> prepares her own meals (internal citations omitted).  [Plaintiff] shops in stores.
> [Plaintiff] is able to manage her finances (internal citations omitted).  [Plaintiff] takes
> public transportation (internal citations omitted).  From July 2016 to February 2018,
> [Plaintiff's] attention and concentration were normal (internal citations omitted).
> From April 2016 to January 2018, Ms. Webb and Ms. Bewayo noted that [Plaintiff]
> was alert.  [Plaintiff] had a normal attention span and concentration (internal citations
> omitted).

R. 20.  Lastly, with the fourth functional area, adapting or managing oneself, the ALJ

concluded that Plaintiff had no limitation and stated:

> [Plaintiff] reported that her impairments affect her ability to complete tasks (internal citations omitted).  [Plaintiff] stated that she has difficulty following written instructions (internal citations omitted).  However, [Plaintiff] reported that she has difficulty dressing and bathing due to physical impairments, rather than mental impairments (internal citations omitted).  [Plaintiff] prepares her own meals (internal citations omitted).  [Plaintiff] shops in stores.  [Plaintiff] is able to manage her finances (internal citations).  [Plaintiff] takes public transportation (internal citations omitted).  In September 2013, Debra Vereen, MD noted that [Plaintiff's] judgment and insight were intact (internal citations omitted).  In November 2014, Dr. Keller noted that [Plaintiff] was oriented.  [Plaintiff's] affect and judgment were normal (internal citations omitted).  In February 2015, [Plaintiff] had a flat affect.  However, [Plaintiff's] stream of thought was coherent and goal directed.  [Plaintiff's] judgment was adequate (internal citations omitted).  From July 2016 to February 2018, [Plaintiff] was oriented despite instances of a depressed and/or anxious mood. [Plaintiff's] fund of knowledge was average.  [Plaintiff's] insight was good (internal citations omitted).  In December 2017, Mr. Forbes similarly noted that [Plaintiff] was oriented.  [Plaintiff's] relatedness, associations, and thought content were appropriate (internal citations omitted).

R.20.  As evidenced above, the ALJ provided a thorough discussion of his findings that Plaintiff had no limitation in each of the functional areas.  The ALJ cited to evidence in the record and considered Plaintiff's subjective complaints, reported activities of daily living, oral testimony, treatment records, mental health evaluations, and her physicians' opinion evidence. The Court finds that for each functional area, the ALJ cited Plaintiff's subjective reports; but the ALJ also cited evidence in the record that contradicted Plaintiff's subjective complaints. As stated above, the Court's role is not to reweigh the evidence.  *Hays*, 907 F.2d at 1456. Rather, the duty of this Court is to ensure that the ALJ used substantial evidence to support his findings.  *See Schoofield*, 220 F. Supp. 2d at 515.

The Court is satisfied that the ALJ used substantial evidence to support his conclusion that Plaintiff's mental impairments are non-severe.  Accordingly, remand is not warranted on this issue.

**B.  The ALJ Failed to Consider Plaintiff's Non-Severe Mental Impairments Throughout the Sequential Evaluation Process.**

Plaintiff argues that the ALJ "made multiple harmful errors with respect to Plaintiff's mental impairments at multiple steps in the sequential evaluation."  Pl.'s Mem. in Supp. of Pl.'s Mot. 16.  Specifically, Plaintiff argues *inter alia* that: (1) the ALJ failed to account for Plaintiff's mental impairments and resulting limitations in the RFC; and (2) the ALJ failed to evaluate whether Plaintiff's mental impairments met or equaled Listings 12.04 and/or 12.06. Pl.'s Mem. in Supp. of Pl.'s Mot. 16, 19.  Defendant avers that the ALJ properly found Plaintiff's medically determinable impairments of anxiety and depression to be non-severe and properly explained why Plaintiff had no mental work-related limitations in the RFC.  Def.'s Mem. in Supp. of Def.'s Mot. 5.  Although this Court found that the ALJ provided sufficient analysis to explain his conclusions that Plaintiff's impairments are non-severe at step two, the ALJ failed to consider Plaintiff's non-severe impairments throughout the sequential evaluation, as required by the Regulations.  SSR 96–8p, 1996 WL 374184, at *5.[3]

As stated above, a claimant's residual functional capacity is an assessment regarding what he can do despite his physical or mental limitations.  *Id.* at *2.  This assessment is based on all the relevant evidence in the record.  20 C.F.R. § § 404.1545(a)(3), 416.945(a)(3) (2014).  It must include a narrative discussion detailing how the evidence in the record supports the ALJ's conclusion.  SSR 96–8p, 1996 WL 374184, at *7; *see also Finlay v. Astrue*, Civ. No. SAG–10–2020, 2012 WL 5267084, at *1 (D. Md. Oct.19, 2012).

As previously stated:

[W]hen assessing the severity of whatever impairments an individual may have [at step two], the adjudicator must assess the impact of the combination of those impairments on

---

[3] Although not required by statute, the Commissioner publishes the Social Security Rulings which are binding on all components of the Social Security Administration.  They represent precedent, final opinions, and statements of policy which the Commissioner has adopted.  20 C.F.R. § 402.35(b)(1) (2011).

> the person's ability to function, rather than assess separately the contribution of each
> impairment to the restriction of his or her activity as if each impairment existed alone.

SSR 85-28, 1985 WL 56856. at *3; *see Schoofield,* 220 F. Supp. 2d at 518 (holding that

erroneous findings at step two usually infect the entire decision, since all of a claimant's

impairments must be considered in combination at steps three, four and five).  Further, if a

claimant does have a severe impairment or combination of impairments, the ALJ must consider

the effects of *both the severe and non-severe impairments* at the subsequent steps of the process,

including the determination of residual functional capacity.  20 C.F.R. § § 404.1523, 416.923; 20

C.F.R. § § 404.1545 (a)(2) 416.945(a)(2) (2014); SSR 96-8p, 1996 WL 374184, at *5; SSR 86-8,

1986 WL 68636, at *5 (1986).  *Rivera v. Astrue*, No. CBD-12-1095, 2013 WL 4507081. at *7

(D. Md. Aug. 22. 2013) (citations omitted).

At step three of the sequential evaluation process, the ALJ must determine whether the

claimant's impairments meet or equal one or more of the impairments listed in 20 C.F.R. pt. 404,

subpt. P, app'x 1.  Where a claimant can show that his condition "meets or equals the listed

impairments," the claimant is entitled to a conclusive presumption that he is disabled within the

meaning of the Act.  *Bowen v. City of New York*, 476 U.S. 467, 471 (1986); *see also McNunis v.

Califano*, 605 F.2d 743, 744 (4th Cir. 1979) (stating that the listings, if met, are "conclusive on

the issue of disability").  The burden of proof is on the claimant to show that he meets *all* of the

specified medical criteria.  *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).  "In evaluating a

claimant's impairment, an ALJ must fully analyze whether a claimant's impairment meets or

equals a 'Listing' where there is factual support that a Listing could be met."  *Huntington v.

Apfel*, 101 F. Supp. 2d 384, 390 (D. Md. 2000) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th

Cir. 1986)).  In addition:

When the evidence in the administrative record clearly generates an issue as to a particular Listing in the LOI and the ALJ fails properly to identify the LOI considered at Step Three, and to explain clearly the medical evidence of record supporting the conclusion reached at that critical stage of the analysis, a remand can be expected to result.

*Schoofield,* 220 F. Supp. at 520.

However, "[u]nder *Cook*, the duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Cook*, 783 F.2d at 1172; *Todd Michael M. v. Comm'r, Soc. Sec. Admin.*, No. CV ADC-19-382, 2020 WL 2319114, at *6–7 (D. Md. May 11, 2020) (citing *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999)). "Neither the Social Security law nor logic commands an ALJ to discuss all or any of the listed impairments without some significant indication in the record that the claimant suffers from that impairment." *Id.* On the other hand, "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations omitted). Remand is appropriate where the "ALJ's opinion failed to apply the requirements of the listings to the medical record." *Id.* at 292; *Fox v. Colvin*, 632 F. App'x 750, 755–56 (4th Cir. 2015) (holding that the ALJ's conclusory and perfunctory analysis at step three necessitated remand).

Failure by the ALJ to consider a claimant's non-severe impairments at subsequent steps of the RFC analysis requires remand. *See Anthony M. v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-19-651, 2020 WL 434581, at *3 (D. Md. Jan. 28, 2020) (where the court held remand was warranted because the ALJ failed to consider the plaintiff's non-severe mental impairments in

14

his RFC discussion);  *Clarence M. v. Saul*, No. CV SAG-19-2393, 2020 WL 3871142, at *3 (D.

Md. July 9, 2020) (remanded because the ALJ's RFC assessment focused exclusively on the

plaintiff's physical impairments and failed to include any mention of the plaintiff's non-severe

mental impairments);  *Alison S. v. Saul*, No. CV DLB-19-1000, 2020 WL 4057087, at *2 (D.

Md. July 20, 2020) (finding reversible legal error holding that "[u]nder the special technique

regulations, the ALJ is required to document his consideration of a claimant's mental

impairments throughout the decision, whether severe or nonsevere" (internal citations omitted));

*Mandycz v. Astrue*, No. CIV. SAG-10-2287, 2011 WL 5515489, at *1–2 (D. Md. Nov. 9, 2011)

("the ALJ failed to mention the plaintiff's mental impairments  at all in the RFC analysis at Step

Four, or in the hypothetical presented to the VE at Step Five," and  "as a result, the ALJ's

discussion of [the plaintiff's] impairments fails to meet the Fourth Circuit's standard for

analyzing and explaining the combined impact of all of a claimant's impairments on her ability to

do work.").

     As mentioned above, at step two of the sequential evaluation process, the ALJ

determined that Plaintiff's degenerative disc disease and obesity were severe impairments.  R.

18.  The ALJ used the special technique and found that Plaintiff's mental impairments of major

depressive disorder and generalized anxiety disorder were non-severe.  R. 19.  At the end of step

two, the ALJ acknowledged that:

> The limitations identified in the "paragraph B" criteria are not a residual functional
> capacity assessment but are used to rate the severity of mental impairments at steps 2
> and 3 of the sequential evaluation process.  The mental residual functional capacity
> assessment used at steps 4 and 5 of the sequential evaluation process requires a more
> detailed assessment by itemizing various functions contained in the broad categories
> found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of
> Impairments (internal citations omitted).  Therefore, the following residual functional
> capacity assessment reflects the degree of limitation the undersigned has found in the
> "paragraph B" mental function analysis.

R. 20–21.  As required by the Regulations, the ALJ proceeded to step three of the sequential evaluation process.  Although, the ALJ recognized SSR 96-8p's requirements in his step two analysis, the ALJ exclusively focused on Plaintiff's physical impairments at step three and ignored Plaintiff's mental impairments.  R. 21–22.  Thus, the Court is left to guess if the ALJ considered any Listings relating to Plaintiff's mental impairments.  If the ALJ did, the ALJ failed to document how he concluded that Plaintiff's mental impairments did not warrant application of the Listings.  Further, "he offered no indication as to the evidence upon which he relied at Step Three or even which listing he supposedly considered."  *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 520 (D. Md. 2002).

The ALJ ignored Plaintiff's non-severe impairments at step three.  The ALJ considered Listing 1.04 for Plaintiff's severe impairment of degenerative disc disease and found that based on the evidence, Plaintiff did not meet Listing 1.04.  R. 21.  The ALJ then considered Plaintiff's other severe impairment of obesity and stated, "[t]he undersigned considered the effects of [Plaintiff's] obesity, alone and in combination with [Plaintiff's] other severe impairments, and finds that the additional limitations or effects caused by obesity do not cause any listing to be met or medically equaled."  R. 22.  The ALJ acknowledged that he considered Plaintiff's obesity with other severe impairments, but he was silent on considering non-severe impairments at step three.  The ALJ failed to consider both Plaintiff's severe and non-severe impairments at step three as required by the Regulations.  20 C.F.R. § § 404.1523, 416.923; 20 C.F.R. § § 404.1545 (a)(2) 416.945(a)(2) (2014); SSR 96-8p, 1996 WL 374184, at * 5; SSR 86-8, 1986 WL 68636, at *5 (1986).

The Court finds the ALJ's lack of analysis of Plaintiff's non-severe impairments in step three troubling because, as Plaintiff points out, the ALJ suggests that Plaintiff may meet a Listing in the administrative hearing by stating:

> It's a good thing that the psychiatrist didn't say she had memory problems otherwise I would give his opinion very little weight based on what I just heard here in the last 10 minutes and it's that opinion that I'm going to use to pay part of this case as a Listing.

Pl.'s Mem. in Supp. of Pl.'s Mot. 20; R. 76. The ALJ also suggests that Plaintiff may be entitled to recovery under a Listing when he provided the RFC to the VE. The ALJ stated, "[a]s I've already indicated, I think the Listings are in place . . .". R. 79.

Aside from ignoring Plaintiff's mental impairments at step three, the ALJ also failed to mention Plaintiff's mental impairments and any associated limitations in the RFC at step 5. As mentioned above, the ALJ must consider the effects of *both the severe and non-severe impairments* at the subsequent steps of the process, including the determination of the RFC. 20 C.F.R. § § 404.1523, 416.923; SSR 96-8p, 1996 WL 374184, at * 5. The ALJ failed to do that here and the ALJ did not provide any narrative explaining why Plaintiff's limitations were not discussed adequately in steps three, four, or five.

This Court acknowledges that the ALJ mentions Plaintiff's mental impairments at step four, in the narrative discussion of the RFC. However, the ALJ narrowly discussed Plaintiff's mental impairments in the RFC assessment, and the RFC assessment focuses on almost exclusively Plaintiff's physical impairments. R. 22–26. For example, in the ALJ's five–page RFC assessment, the ALJ only mentions Plaintiff's mental impairments in three paragraphs. The ALJ states:

> The undersigned grants little weight to the opinion of the state agency consultant for the initial determination who opined that [Plaintiff] did not have any mental medically determinable impairments (internal citations omitted). As more specifically set forth in Section 3 above, the undersigned finds that the psychiatric

17

evidence of record available at the hearing level warrants a finding that depression
and anxiety are non-severe impairments.

R. 24.  In rejecting the state agency consultant here, the ALJ submits that Plaintiff has

medically determinable impairments.  However, the ALJ does not cite any evidence from

the medical records to support his contention that "the psychiatric evidence of record

available at the hearing level warrants a finding that depression and anxiety are non-severe

impairments."  *Id.*  The ALJ then only discussed the weight he gave to other physician

opinions.  The only evidence the ALJ cited when discussing Plaintiff's mental impairments,

is that "[Plaintiff] was often oriented despite instances of a depressed and/or anxious mood.

[Plaintiff's] speech was normal.  [Plaintiff's] memory was fair to good.  [Plaintiff's] fund of

knowledge was average (internal citations omitted)."  R. 25.  The ALJ also noted:

"[Plaintiff] often presented with fair to good memory, attention, and concentration despite

her mental impairments (internal citations omitted).  Such evidence does not support work-

related mental limitations."  *Id.*

        The Court finds this reasoning insufficient.  The Court cannot "discern how the ALJ

ultimately made [his] determination" that any associated limitations to Plaintiff's mental

impairments, were not warranted in the RFC**.**  *Wanda H. v. Saul*, No. CV TMD 19-1349, 2021

WL 1087079, at *5 (D. Md. Mar. 22, 2021).  The ALJ essentially only explains his reasoning for

Plaintiff's physical limitations in the RFC.  This is evidenced when the ALJ states, "the

undersigned finds that [Plaintiff] has the above exertional, postural, and environmental

limitations."  R. 26.

        It is the ALJ's duty to determine whether the combination of severe and non-severe

impairments require additional limitations to the RFC, and the accompanying hypothetical

administered to the VE.  However, without sufficient explanation throughout the sequential

18

evaluation process, the Court cannot conduct meaningful review on whether the ALJ's decision is supported by substantial evidence.  *Clarence,* 2020 WL 3871142, at *4; *see Hays*, 907 F.2d at 1456.  Thus, the ALJ's inadequate analysis at steps three, four and five of the sequential evaluation process, requires remand.  On remand, the ALJ shall consider both Plaintiff's severe and non-severe impairments throughout the sequential evaluation process and support his conclusions with substantial evidence.

Plaintiff also raises issues with: (1) the ALJ erred by rejecting Plaintiff's statements about the intensity and persistence of her mental impairment symptoms and the effect these symptoms had on her ability to work solely because the available objective medical evidence did not, in the ALJ's view, substantiate these statements; (2) the ALJ cherry-picked the record regarding Plaintiff's mental status examination results, overstatement of her daily activities, and physician opinions; (3) the ALJ erred by failing to account for any limitations of Plaintiff's right shoulder impairment, which he found non-severe, in the RFC; and (4) the failure to properly evaluate treating physician opinion evidence from Dr. Crawford-Green and Dr. Tanenbaum.  However, in view of the Court's decision to remand the matter due to the ALJ failing to evaluate Plaintiff's non-severe mental impairments throughout the sequential evaluation process, the Court declines to address the remaining issues.  *See Brown v. Colvin*, 639 F. App'x 921, 923 (4th Cir. 2016) (declining to address all of a claimant's issues raised once the court decided to remand on one issue); *Edna Faye H. v. Saul*, No. TMD-18-581, 2019 WL 4643797, at *6 (D. Md. Sept. 24, 2019).

On remand, the ALJ should address the issues raised by Plaintiff.  *Timothy H. v. Saul*, No. TMD 18-1675, 2019 WL 4277155, at *7 (D. Md. Sept. 10, 2019).  In remanding this case, the Court expresses no opinion on whether the ALJ's ultimate decision that Plaintiff was not

disabled is correct or incorrect. *See Parker v. Comm'r, Soc. Sec.*, No. ELH-16-2607, 2017 WL

679211, at \*4 (D. Md. Feb. 21, 2017).

**IV.     Conclusion**

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion, **DENIES**

Commissioner's Motion, **GRANTS** Plaintiff's Alternative Motion and **REMANDS** this matter

for further proceedings.


April 30, 2021                                                          /s/
                                                          Charles B. Day
                                                          United States Magistrate Judge


CBD/pjkm